# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

SOUTHERN MOTORS CHEVROLET, )
INC., )
 )
    Plaintiff, )
 )
v. ) Case No. CV414-152
 )
GENERAL MOTORS, LLC, )
 )
    Defendant. )

## ORDER

Plaintiff Southern Motors Chevrolet, Inc. ("SMC"), a white-owned business, brought this action alleging that General Motors, LLC, ("GM") engaged in racial discrimination by preventing SMC's purchase of a local automobile dealership in preference for a minority-owned business. Doc. 24. SMC relies in part upon 42 U.S.C. § 1981, which covers purely private acts of discrimination in the making and enforcing of contracts. GM moves to dismiss, arguing that plaintiff's complaint fails to plead a "plausible" claim for relief as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Doc. 25. That motion is before the district judge. Before the undersigned is GM's motion to stay discovery and all pretrial deadlines until the district judge rules on the

dismissal motion. Doc. 28. GM insists that its dismissal motion will extinguish all claims against it, thus obviating any need for discovery. *Id.* at 4. SMC says the motion is meritless and thus should be denied. Doc. 33.

GM relies upon the oft-quoted passage from *Chudasama v. Mazda Motor Corp.*, that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." 123 F.3d 1353, 1367 (11th Cir. 1997). As many courts have noted, however, "*Chudasama* does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. Instead, *Chudasama* and its progeny stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Alexander v. Allen*, 2014 WL 3887476 at *1 (M.D. Fla. Aug. 7, 2014) (citations and internal quotations omitted); *accord Jones v. Bank of America Corp.*, 2013 WL 5657700 at *2 (M.D. Ga. Oct. 15, 2013) ("nothing in *Chudsama* . . . means discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss.");

*Reilley v. Amy's Kitchen, Inc.*, 2013 WL 3929709 at *1 (S.D. Fla. July 31, 2013) ("there is no general rule that discovery be stayed while a pending motion to dismiss is resolved.").[1]

Rule 26 vests the federal courts with broad discretion to manage the discovery process and ensure that parties are not subjected to unnecessary and burdensome discovery. Fed. R. Civ. P. 26(b)(2); *Crawford-El v. Britton*, 523 U.S. 574, 598-600 (1998). Among the many options available to a district court, of course, is the inherent power to stay discovery altogether while a case-dispositive motion is under consideration. *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987). In exercising its discretion whether to impose such a stay, the court must take a "preliminary peek" at a dispositive motion to assess the likelihood that the motion will be granted. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); *Arriaga-Zacarias v. Lewis Taylor Farms*, 2008 WL 4544470 at *2 (M.D. Ga. Oct. 10, 2008). Generally, a stay should be

---

[1] In *Chudasama* the Eleventh Circuit criticized the district court for delaying resolution of a motion to dismiss for over a year and a half, meanwhile allowing the plaintiffs to engage in abusive, unchecked discovery even though their pleading almost certainly failed to state a claim. *Jones*, 2013 WL 5657700 at * 2. Where courts cannot speedily resolve a potentially case-dispositive motion, they should nevertheless take measures to protect a party from mounting discovery costs as to claims that seem transparently implausible upon even cursory review.

granted only where the motion to dismiss appears, upon preliminary review, "to be *clearly meritorious* and truly case dispositive," *Feldman*, 176 F.R.D. at 652-53 (emphasis added), rendering discovery a mere futile exercise. *See Allen*, 2014 WL 3887476 at * 2 (motion to dismiss not so "clearly meritorious" as to warrant stay of discovery); *Eli Research, LLC v. Must Have Info Inc.*, 2014 WL 2118874 at * 2 (M.D. Fla. May 21, 2014) (same); *Minton v. Jenkins*, 2011 WL 2038700 at * 2 (N.D. Fla. May 24, 2011) (as defendants' motion to dismiss appeared clearly meritorious upon initial review, they were entitled to a stay of discovery).

A preliminary review of defendant's motion to dismiss reflects that, while not wholly insubstantial, it is not so clearly meritorious as to warrant a stay of discovery. Dealership minority preference plans can violate federal discrimination law. *See Frost v. Chrysler Motor Corp.*, 826 F. Supp. 1290 (W.D. Okl. 1993) (automobile manufacturer's policy of reserving an uncapitalized dealership for a black dealer applicant from the manufacturer's minority dealer training program violated a white applicant's Title VII rights; the minority-reservation policy was not a legitimate affirmative action response to the traditional imbalance between black and white dealers and could not be justified as anything

other than discrimination against whites). The issue has been percolating for some time and is debatable to say the least:

> What if a white prospective franchisee sued a franchisor which, acting in accordance with its affirmative action program or set-asides, rejected that white person's application in favor of a minority franchisee? Given that [cases involving governmental entities] do not apply because the franchisor is a private entity, could the white prospective franchisee nevertheless succeed with a section 1981 claim? Would the courts treat a franchisor's existing, established affirmative action policy or set aside program as evidence of "intentional discrimination" sufficient to carry a section 1981 action? Would affirmative action (and the goals and objectives of affirmative action) qualify as a legitimate noneconomic reason for choosing a minority franchisee over a white franchisee?

*Franchise Terminations: Legal Rights And Practical Effects When Franchisees Claim The Franchisor Discriminates*, 35 Am. Bus. L.J. 559, 618 (1998) (footnotes omitted); *see also Brown v. Am. Honda Motor Co., Inc.*, 1986 WL 15491 at * 10 (N.D. Ga. 1986) (ruling, in a § 1981 case brought by a nixed African American dealer against Honda and its zone manager, that "the evidence does not demonstrate that the defendants have discriminated against the plaintiff on the basis of race in the selection of the intervenors, rather than the plaintiff, to be the Honda dealer in Warner Robins, Georgia.").

Plaintiff cites a lot of "internet-sourced" circumstantial facts

supporting a reasonable inference that GM was in no small part unlawfully animated by race in preferring a minority applicant over the plaintiff here. Doc. 24 (Amended Complaint). GM insists that's not enough because at most plaintiff *speculates* that GM crossed the line, and that fails the *Twombly* standard. Doc. 24 at 10-11 (GM's dismissal brief arguing that plaintiff must plead *actual facts* showing actionable discrimination, and not just facts showing GM's adherence to its legal duty to fairly balance business opportunities to avoid being sued by minorities).[2]

"The rights enumerated in [§ 1981] include the right to 'make and enforce contracts,' which means the 'making, performance, modification, and termination of contracts.' § 1981(a), (b)." *Reddy v. Gilbert Med.Transcription Serv., Inc.*, 2014 WL 5137950 at * 2 (11th Cir. Oct. 14, 2014). It has been long settled that actionable discrimination is easily concealed and obscured, so that many a claim is proved by

---

[2] That threat is quite real and vexing to say the least. *See Discrimination Claims And Diversity Initiatives: What's A Franchisor To Do?*, 28-FALL Franchise L.J. 71, 77 (2008) ("Even if franchisors are satisfied that their affirmative action plan [is legally valid, they] must consider the next step in the analysis, i.e., whether the plan unnecessarily trammels the interests of non-minorities."). Hence, manufacturers like GM can easily find themselves damned if they do, and damned if they don't dispense dealerships along legally gauzy color lines. This is a burden for Congress, not the courts, to address.

circumstantial evidence. Here the question is close enough to support a finding by the district judge that sufficient "where-there-is-smoke" facts have been pled to justify denying GM's motion to dismiss. *See, generally, Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("A complaint alleging sex discrimination under Title VII need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.") (quotes omitted).

For that matter, it has been held in an analogous discrimination context that the *McDonnell Douglas* evidentiary burden (to show discrimination circumstantially) should *not* be injected into the Rule 12(b)(6) pleading-sufficiency analysis, since that standard will not automatically be required in every discrimination case. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013).[3] It is enough,

---

[3] As that court explained:

> [T]he Supreme Court has made clear that the pleading standards in Title VII cases are different from the evidentiary burden a plaintiff must subsequently meet when using the method of indirect proof under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002) (explaining that "we have rejected the argument that a Title VII complaint requires greater 'particularity,' because this would 'too narrowly constric[t] the role of the pleadings' ") (internal quotations omitted) (brackets in original). "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case." *Id.*

7

then, "to give the defendant sufficient notice [of the discrimination claim] to enable him to begin to investigate and prepare a defense." *Id.*

The dismissal motion, then, is no slam-dunk, nor so likely to be granted that it warrants the requested discovery stay per *Chudasama* and the cases applying that decision. *See Montoya v. PNC Bank, N.A.*, 2014 WL 2807617 at * 2 (S.D. Fla. June 20, 2014) ("preliminary review suggests that the [defendants' dismissal] motions may not be the 'slam-dunk' submissions [they] describe them to be."). "Just as a plaintiff should not be able to embark on unfettered discovery by filing a defective complaint, neither should a defendant be able to halt resolution of a case every time it conceives of a Rule 12 motion." *Jones*, 2013 WL 5657700 at * 2. Weighing the cost of delaying discovery against the probability that the pending motion will eliminate the need for discovery, the Court finds that, in this case, the scale tips in favor of allowing discovery to proceed. Accordingly, defendants' motion to stay discovery is **DENIED**. Doc. 28.

---

*Luevano*, 722 F.2d at 1028; *see also Lewis v. City of Kennesaw*, , 504 F. App'x 880, 882 (11th Cir. 2013) ("'[D]iscrimination claims ... brought under the Equal Protection Clause [of the Fourteenth Amendment], 42 U.S.C. § 1981, or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, are subject to the same standards of proof and employ the same analytical framework." *Bryant v. Jones*, 575 F.3d 1281, 1296 n. 20 (11th Cir. 2009).").

Pursuant to Federal Rule of Civil Procedure 16(b) and the Local Rules of this Court, and after considering the motion to stay and the parties Rule 26(f) report, the Court imposes the following deadlines in the above styled case:

| | |
|---|---|
| LAST DAY TO FURNISH EXPERT WITNESS REPORT by PLAINTIFF | 01/09/2015 |
| LAST DAY TO FURNISH EXPERT WITNESS REPORT by DEFENDANT | 02/09/2015 |
| JOINT STATUS REPORT DUE | 02/16/2015 |
| CLOSE OF DISCOVERY | 03/11/2015 |
| LAST DAY FOR FILING CIVIL MOTIONS **EXCLUDING MOTIONS IN LIMINE** | 04/10/2015 |

Motions *in limine* shall be filed no later than 5 days prior to the pre-trial conference. The parties are further advised that all motions, other than summary judgment motions and motions to dismiss, shall be accompanied with a proposed order. Finally, because this Order moots plaintiff's motion for an extension of time to disclose expert witnesses (doc. 36), that motion is **DENIED**.

**SO ORDERED** this 4th day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA